IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Estate of John David Dellinger, by and through his personal representative, David B. Dellinger, <br><br>    Plaintiff,<br><br>v.<br><br>Sheriff Bruce Bryant, Major Robert J. Hudgins, Lieutenant Dennis Chisolm, Sergeant Lee Stoneburger, James F. Arwood; Richard L. Martin, Jr.; Gary L. Davies; Lieutenant Plemmons, Sergeant Timothy Combs, Sergeant Khatari McMillan, Sergeant Lindsay Susanne Henson, Corporal Durden, Corporal Whitaker, Corporal Christon, Officer Collins, Officer Bingham, Officer James Lindsey Moore, Officer Bunch, Officer Lefore, Corporal Herbert, Officer Francine Marie Weyers, Officer McMahan, Officer Young, Officer Hunnicutt, Officer Boyd, Officer Laney, Officer Childers, Officer Nunez, Officer James Edward Brackett, Officer Berthold, Officer Black, Officer Morrison, Officer Whosendove, Officer Davidson, Officer Gordon, Officer Kakouras, Officer Christopher Scott Penland, Officer Sexton, Officer Lebresco, Officer Jones, Officer Williams, Officer Green, Officer Mitchum, Officer Ashley, Officer Heath, Officer Brookhart, Tammy M. Dover, Nurse Gilfillan, Nurse Barnett, and Nurse Kissinger,<br><br>    Defendants. | ))))))))))))))))))))))))))))))))))))))) | Civil Action No. 1:19-44-BHH<br><br>**ORDER** |

Plaintiff David B. Dellinger ("Plaintiff"), as personal representative for the estate of

John David Dellinger ("decedent") filed this action pursuant to 42 U.S.C. § 1983, alleging that Defendants were deliberately indifferent to decedent's medical needs while he was detained at the York County Detention Center from January 8 through January 10, 2016, resulting in his death.  In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for initial review.

On February 5, 2019, Defendants filed a motion to dismiss pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, asserting that Plaintiff's complaint fails to meet the requirements of Rule 8 as to each individually named Defendant and that Plaintiff's complaint fails to state a plausible constitutional claim.  On March 22, 2019, Magistrate Judge Shiva V. Hodges filed a Report and Recommendation ("Report") outlining the issues and recommending that the Court grant in part and deny in part Defendants' motion to dismiss.  Specifically, the Magistrate Judge's Report recommends that the Court deny Defendants' motion to dismiss as to Defendants Arwood, Dover, Gilfillan, Barnette, and Kissinger, but that the Court grant the motion without prejudice as to the remaining Defendants based on Plaintiff's failure to allege facts against these remaining Defendants to state a plausible claim.  The Magistrate Judge further recommends that the parties engage in timely discovery to determine if further amendments or dismissals are necessary.  The Magistrate Judge's Report does not directly address Plaintiff's request for limited time to conduct discovery or the proposed amended complaint he attached to his response in opposition to Defendant's motion to dismiss.

Attached to the Order and Report was a notice advising the parties of their right to file written objections to the Report within fourteen days of being served with a copy.  On

April 5, 2019, Plaintiff filed objections to the Magistrate Judge's Report, asserting that dismissal without prejudice is a harsh remedy because the statute of limitations has now run and respectfully asking the Court to allow a short period of discovery so Plaintiff can identify the proper Defendants.  In the alternative, Plaintiff asks the Court to convert Defendants' motion to a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and look outside the four corners of the pleadings to additional documents and determine that more discovery is necessary.  Defendants did not file a response to Plaintiff's objections.

## **STANDARDS OF REVIEW**

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.

8(a)(2). As the Supreme Court held in *Bell Atl. Corp. v. Twombly*, the pleading standard set forth in Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. 544, 555 (2007)). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement." *Id.* (quoting *Twombly*, 550 U.S. at 557).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of a plaintiff's complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. *Id.* When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## **DISCUSSION**

After review, although the Court agrees with the Magistrate Judge's general findings, the Court also believes that, under the unique circumstances of this case and in the interests of justice and fairness, Plaintiff should be permitted a brief period of time to conduct discovery to determine the proper Defendants to this action and should be given the opportunity to file an amended complaint. Accordingly, the Court declines to adopt the

Magistrate Judge's Report, and the Court denies Defendants' motion to dismiss without prejudice (ECF No. 55) at this time.  The Court grants Plaintiff a brief period of time to conduct necessary discovery, and the Court orders Plaintiff to file an amended complaint on or before September 3, 2019,[1] which, in Plaintiff's own words, "narrows down the number of Defendants and [ ] is more specific regarding the facts and causation in this matter."  (ECF No. 62 at 14.)

## **CONCLUSION**

Based on the foregoing, the Court respectfully declines to adopt the Magistrate Judge's Report at this time; the Court denies Defendants' motion to dismiss without prejudice (ECF No. 55); the Court grants Plaintiff a brief period of time to conduct necessary discovery; and the Court orders Plaintiff to file an amended complaint as outlined above on or before September 3, 2019.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce H. Hendricks

July 2, 2019
Charleston, South Carolina

---

[1] If Plaintiff fails to file an amended complaint on or before September 3, 2019, then the Court will permit Defendants to reinstate their initial motion to dismiss.  And of course, if Plaintiff does file an amended complaint, any Defendants named in the amended complaint may respond to the same by filing a motion to dismiss raising any available defenses.