IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Estate of John David Dellinger, by and through his personal representative, William Dellinger,<br><br>    Plaintiff,<br><br>v.<br><br>Sheriff Bruce Bryant, Major Robert J. Hudgins, James F. Arwood, Richard L. Martin, Jr., Sergeant Timothy Combs, Sergeant Lindsay Susanne Henson, Officer Francine Marie Button-Weyers, Officer Anthony McMahan, and Myra Gilfillan, RN,<br><br>    Defendants. | Civil Action No. 1:19-44-BHH<br><br>**<u>ORDER</u>** |

Plaintiff David B. Dellinger ("Plaintiff"), as personal representative of the estate of John David Dellinger ("Decedent"), filed this action pursuant to 42 U.S.C. § 1983, alleging constitutional violations arising from Decedent's detention and death at York County Detention Center. Plaintiff brings this action against the following two grounds of Defendants in their individual capacities: (1) Sheriff Bruce Bryant ("Bryant"), the Sheriff of York County, South Carolina; Major Robert J. Hudgins ("Hudgins"), the Undersheriff at the York County Sheriff's Office; James F. Arwood ("Arwood"), the Chief Administrator for the York County Detention Center; and Richard L. Martin, Jr. ("Martin"), Assistant Chief Administrator for the York County Detention Center (collectively referred to as the "Administrative Defendants"); and (2) Sergeant Timothy Combs ("Combs"); Sergeant Lindsay Susanne Henson ("Henson"); Officer Francine Button-Weyers ("Button-Weyers"); Officer Anthony McMahon ("McMahon"); and Myra Gilfillan, RN ("Gilfillan"), all employees

at the York County Detention Center (collectively referred to as "Staff Defendants"). All Defendants filed a motion to dismiss for failure to state a claim, or in the alternative, for judgment on the pleadings.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the matter was referred to a United States Magistrate Judge for initial review. On February 5, 2020, Magistrate Judge Shiva V. Hodges filed a Report and Recommendation ("Report") outlining the issues and recommending that the Court grant in part and deny in part Defendants' motion. Specifically, the Magistrate Judge recommends that the Court grant the motion as to Defendants Button-Weyers and McMahon but deny the motion as to all other Defendants. Plaintiff filed objections to the Magistrate Judge's Report, Defendants filed a reply to Plaintiff's objections, and the matter is ripe for review. For the reasons set forth below, the Court disagrees in part with the Magistrate Judge and finds that no Defendants are entitled to dismissal at this time.

## **STANDARDS OF REVIEW**

**I.     The Magistrate Judge's Report**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life*

*& Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## II.     Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of a plaintiff's complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. *Id.* When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Supreme Court has explained that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Twombly*, 550 U.S. at 678.

## III.    Federal Rule of Civil Procedure 12(c)

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Ultimately, "a defendant may not prevail on a motion for judgment on the

pleadings if there are pleadings that, if proved, would permit recovery for the plaintiff." *BET Plant Servs., Inc. v. W.D. Robinson Elec. Co.*, 941 F. Supp. 54, 55 (D.S.C. 1996).

"[A] Rule 12(c) motion for judgment on the pleadings is decided under the same standard as a motion to dismiss under Rule 12(b)(6)." *Deutsche Bank Nat'l Trust Co. v. IRS*, 361 F. App'x 527, 529 (4th Cir. 2010); *see Burbach Broad. Co. v. Elkins Radio*, 278 F.3d 401, 405 (4th Cir. 2002). Thus, to survive a motion for judgment on the pleadings, the complaint must contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In reviewing the complaint, the court accepts all well-pleaded allegations as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005). However, the Court "need not accept allegations that 'contradict matters properly subject to judicial notice or [by] exhibit.' " *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006).

## **DISCUSSION**

In her Report, the Magistrate Judge first rejects Defendants' general argument that Plaintiff failed to allege the personal participation of each individual Defendant. No party has objected to this finding, and the Court finds no error in the Magistrate Judge's analysis in this regard.

Next, the Report considers Defendants' argument that Plaintiff's allegations of medical neglect do not rise to the level of a constitutional violation. The Magistrate Judge first concludes that Plaintiff's complaint adequately alleges that Decedent's heroin withdrawal presented a serious medical need. Again, no party has objected to this finding,

and the Court finds no error in the Magistrate Judge's analysis in this regard. The Magistrate Judge next considers whether Plaintiff's complaint adequately alleges a plausible claim for deliberate indifference to Decedent's serious medical need as to each individual Staff Defendant.[1] The Magistrate Judge ultimately finds in her Report that Plaintiff failed to allege a plausible claim as to Defendants Button-Weyers and McMahon but that Plaintiff has alleged a plausible claim as to the remaining Staff Defendants.

Plaintiff objects to the Magistrate Judge's finding as to Defendants Button-Weyers and McMahon and asserts that the proper time to dismiss these Defendants would be at the summary judgment stage. After review of the amended complaint, the Court agrees with Plaintiff. Stated plainly, the Court cannot say that Plaintiff's claims against Defendants Button-Weyers and McMahon are insufficient as a matter of law where Plaintiff has alleged that these Defendants were responsible for booking Decedent and that Decedent complained during the booking process of "his head and his heart" and was given a Tylenol. While the *evidence* may not ultimately support Plaintiff's claim–in other words, Plaintiff may not be able to demonstrate that these Defendants failed to act in the face of an obvious risk of which they knew or should have known[2]–the Court finds that Plaintiff's

---

[1] The Magistrate Judge notes that Defendants' motion does not address Plaintiff's claims against the Administrative Defendants in connection with this issue.

[2] In response to Plaintiff's objections, Defendants state "[t]here is absolutely no evidence whatsoever that these particular Defendants had 'actual knowledge' of Plaintiff's decedent's drug withdrawal symptoms, as required by case law relied on by [sic] to state a constitutional violation." (ECF No. 86 at 2.) Again, the proper inquiry at this stage is not whether *the evidence* supports Plaintiff's claims but whether Plaintiff's complaint *alleges* plausible claims against Defendants. Furthermore, the Court disagrees with Defendants that the procedural posture of the cases relied on by the Magistrate Judge, *Banks v. Gore*, 738 App'x 766, 770 (4th Cir. 2018), and *Rish v. Johnson*, 131 F.3d 1092, 1099-1100 (4th Cir. 1997), is irrelevant. Because the standard of review for a motion for summary judgment differs greatly from the standard of review for a motion to dismiss, the Court agrees with Plaintiff that it is relevant that certain cases relied on by the Magistrate Judge were decided at the summary judgment stage rather than the motion to dismiss stage.
Lastly, the Court notes that The Court notes that, based on the totality of the circumstances alleged,

amended complaint contains sufficient factual matter, which the Court accepts as true at this time, to survive Defendants' motion to dismiss as to all Defendants.

## CONCLUSION

Based on the foregoing, the Court sustains Plaintiff's objections (ECF No. 85) and adopts in part and overrules in part the Magistrate Judge's Report (ECF No. 83), as set forth above. Because the Court finds that Plaintiff's claims can proceed against all Defendants at this stage in the litigation,[3] the Court hereby denies Defendants' motion to dismiss (ECF No. 74).

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
Bruce Howe Hendricks

September 3, 2020
Charleston, South Carolina

---

any evaluation of the *knowledge* of Defendants Button-Weyers and McMahon would be more appropriate at summary judgment once discovery has concluded rather than at this early stage in the litigation.

[3] Plaintiff admits in his objections that counsel for Plaintiff will dismiss the claims against Defendants Button-Weyers and McMahon should counsel learn that there is insufficient evidence to support claims against those Defendants. (*See* ECF No. 85 at 4.)